# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 1 C 9208 | DATE | 7/29/2002 |
| CASE TITLE | Edward Jakubiec vs. Inland Material Handling, Inc. et a | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, defendants' motions to dismiss are denied [3-1], [4-1]. Defendants's motion pursuant to LR 78.5 of the local rules of the United States District Court for the Northern District of Illinois is stricken as moot.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 30 2002 | 13 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | 02 JUL 30 PM 0: 25 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD JAKUBIEC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 01 C 9208 |
| INLAND MATERIAL HANDLING INC. EMPLOYEE BENEFIT BLAND and UNITED OF OMAHA LIFE INSURANCE COMPANY, | ) ) ) ) ) ) | Judge Ronald A. Guzmàn |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Edward Jakubiec ("Jakubiec") sued United of Omaha Life Insurance Company ("United of Omaha") and Inland Material Handling Inc. Employee Benefit Plan ("Benefit Plan") under the Employee Retirement Income Security Act of 1974 ("ERISA"). Before the court are defendant's collective motions to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). For the reasons set for below, these motions are denied.

## FACTS

Jakubiec suffers from diverticulitis, a disease which causes chronic "explosive and recurrent diarrhea." (Compl. ¶ 8, 12.) Jakubiec received monthly disability payments between March 2000 and June 2001 from United of Omaha pursuant to the Benefit Plan. (Compl. ¶ 19.) On June 19, 2001[1], United of Omaha terminated Jakubiec's disability payments. (Compl. ¶ 20.) In Count I of his complaint Jakubiec alleges that the decision by United of Omaha denying Jakubiec long-term benefits due under ERISA was "arbitrary, capricious, not made in good faith, unsupported by substantial evidence,

---

[1] The complaint alleges Jakubiec received monthly disability payments between March 2000 and June 2001. The complaint also alleges that United of Omaha terminated Jakubiec's disability payments on June 19, 2000. However, the court assumes that the disability payments were terminated on June 19, 2001 instead.

1

erroneous as a matter of law, and in violation of ERISA." (Compl. ¶ 22.) Count II of Jakubiec's complaint alleges that, in violation of 29 U.S.C. § 1133, United of Omaha failed to provide Jakubiec with the opportunity for a full and fair review of his claim, failed to provide him with an opportunity to supply evidence in support his claim, and failed to provide the necessary information required for adequate notice. (Compl. ¶ 29.)

United of Omaha filed a motion to dismiss Count II of Jakubiec's complaint, claiming that 29 U.S.C § 1133 does not provide for the recovery of monetary damages for procedural violations of ERISA. (United of Omaha's Motion ¶ 8.) Benefit Plan filed a motion to dismiss Jakubiec's entire complaint, claiming Jakubiec made no allegations of wrongdoing against Benefit Plan. (Benefit Plan's Motion ¶¶ 5, 9.)

## DISCUSSION

A Rule 12(b)(6) motion to dismiss is proper when the court assumes all allegations in the complaint are true, but nonetheless, the complaint fails to state a claim for which the law provides relief. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss will be denied unless it appears beyond a doubt that the pleader can establish no set of facts entitling him to legal relief. *American Nurses' Ass'n. v. Illinois*, 783 F.2d 716 (7th Cir. 1986).

## I. United of Omaha's Motion to Dismiss

United of Omaha's Rule 12(b)(6) motion to dismiss is denied. Procedural violations of ERISA entitle employees to monetary relief in only exceptional cases. *Kreutzer v. A.O. Smith Corp.*, 951 F.2d 739, 743 (7th Cir. 1991). In many cases, the only proper remedy is remand to the plan fiduciary to hear the claim again. *Wolfe J.C. Penney Co., Inc.*, 710 F.2d 388, 393 (7th Cir. 1983). For example, a court should remand the case to the fiduciary when additional evidence on the merits is presented for the first time at trial which may establish eligibility for benefits. *Schleibaum v. KMart Corp.*, 153 F.3d 496, 503 (7th Cir. 1998). Nonetheless, monetary relief for procedural violations of ERISA

2

is proper in certain circumstances. *See Halpin v. W.W. Grainger*, 962 F.2d 685 (7th Cir. 1992) (Remand not required because it would be futile and a useless formality).

In this case, United of Omaha's motion to dismiss is not proper at this stage of litigation. Thus far, it is unclear what type of relief would be proper if a procedural violation were found to be true. It would be more suitable to determine the proper type of relief at a later stage of litigation such as summary judgment. Therefore, United of Omaha's motion to dismiss Count II of plaintiff's complaint is denied.

## II. Inland Material Benefit Plan's Motion to Dismiss

Inland Material Benefit Plan moves to dismiss Jakubiec's complaint in its entirety. The Benefit Plan argues that Jakubiec has failed to allege any wrongdoing on its part. In general, the complaint sets forth a claim for improper denial of benefits. The Seventh Circuit has held that a proper party defendant on a claim to recover benefits under ERISA § 502(a)(1)(B) is the ERISA plan itself. *Jass v. Prudential Health Care Plan, Inc.*, 88 F. 3d 1482, 1490 (7th Cir. 1996). The gist of Jakubiec's complaint is that United of Omaha arbitrarily and capriciously terminated Jakubiec's benefits. (Compl. ¶ 22.) United of Omaha is the insurer and administrator and the Benefit Plan is the Plan itself. Hence, taking Jakubiec's allegations as true we find that Jakubiec has satisfied the liberal pleading standard set forth under Fed. R. Civ. P. 8 and sufficiently stated a claim for violation of ERISA against the Benefit Plan. Therefore, the Benefit Plan's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are denied. (##3-1, 4-1).

**So Ordered.**      **Entered:**

Ronald A. Guzman
United States Judge  July 29, 2002

3